THE STATE, BUTTS ET AL., PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF HOBOKEN.

1. The common council, in examining and passing upon claims presented against the city, was sitting as a board of audit. As such it was part of its official duty to ascertain the correctness of any bill before giving it approval. In the absence of proof to the contrary, the presumption is, that this duty was performed, and that the account, as audited and allowed, is correct.
2. The burden of establishing the incorrectness of the account is on the prosecutor.

On *certiorari.*

Argued at February Term, 1876, before Justices DEPUE, KNAPP and DIXON.

For the prosecutors, *J. H. Lippincott.*

Contra, *Besson.*

The opinion of the court was delivered by

DEPUE, J. By a supplement to the charter of the city of Hoboken, the common council was required to designate two newspapers in which its proceedings and the proceedings of the board of education, and such matters and things as are required to be published by the charter, shall be published at prices to be fixed by the common council, "at rates not exceeding those authorized by law for the printing of legal notices." *Acts,* 1872, *p.* 602.

The prices established by statute for publishing legal notices are sixty cents per folio of one hundred words, for the first insertion, and thirty cents per folio for each subsequent insertion. *Nix. Dig.* 328, § 40.

The Hudson County Democrat, and the Hoboken Standard were designated by the common council as the official papers.

Bills were rendered for such services, which were audited and approved by the common council. This *certiorari* brings up for review the action of the common council in making such audit and approval. The grounds of objection are, first, that the work was charged at the rate of so many lines for a folio, instead of at the rate of so much per folio of one hundred words; and, second, that the lines charged for as a folio do not make a folio of one hundred words. No objection is made to the rate allowed per folio.

Neither the charter nor any statute prescribes the form in which bills of this kind shall be made. Any mode of stating the account which is intelligible, is not subject to legal objection. There can be no reversal for this reason.

The second reason for reversal would be fatal, if sustained in fact.

In the bills, as first presented, the number of folios was ascertained, not by an actual count of the words, but by a computation made by counting the lines, and allowing eight lines for a folio.

The bills were taken up by the common council and considered in committee, and reported for allowance on the basis of nine lines to the folio, and ordered paid on that basis.

The common council, in examining and passing upon claims presented against the city, was sitting as a board of audit. As such, it was part of its official duty to ascertain the correctness of any bill, before giving it approval. In the absence of proof to the contrary, the presumption is that this duty was performed, and that the account, as audited and allowed, is correct.

The burden of establishing the incorrectness of the account is on the prosecutor. It will not be inferred, from the mode in which the quantity of matter is designated. That method of estimating the quantity in printed matter is the usual method.

Three witnesses only were called by the prosecutors. They were the clerk of the city and the publishers of the two papers.

The testimony is, that the matter set up in the type used, would contain, on an average, more than one hundred words in the number of lines adopted by the common council as a basis in their reckoning.

No error being made apparent, the order should be affirmed.